**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BENJAMIN MCDONALD,

       Plaintiff,

vs.                                  Case No.  3:20-cv-971-MMH-LLL

HUNTER WARFIELD, INC.,

       Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 41; Report), entered by the Honorable Laura Lothman Lambert, United States Magistrate Judge, on January 24, 2022.  In the Report, the Magistrate Judge recommended that Plaintiff Benjamin McDonald's Motion for Award of Plaintiff's Attorney's Fees and Costs (Doc. 32; Motion) be granted to the extent that McDonald should be awarded $37,682.13 in attorney's fees and $462.50 in costs.  See Report at 18–19.  McDonald timely filed objections to the Report.  See Plaintiff's Objections to Magistrate Judge's Report and Recommendations (Doc. 42; Objections), filed February 7, 2022.  Defendant Hunter Warfield, Inc. (HWI) timely filed a response to the Objections.  See Defendant Hunter Warfield, Inc.'s Response to Plaintiff's Objections to Magistrate's Report and Recommendation

(Doc. 43; Response), filed February 22, 2022.  Accordingly, this matter is ripe for review.

Because the Court finds that the Objections are due to be overruled and the Report adopted as the Court's opinion, the Court will not repeat the factual and procedural history or the arguments and authority addressed in the Report. Instead, the Court writes briefly only to address McDonald's specific objections.

## I.   Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

## II.   Discussion

The Magistrate Judge recommended that McDonald's counsel should be awarded attorney's fees at hourly rates lower than counsel requested and for fewer hours than they claimed. See Report at 8–9, 12. The Magistrate Judge also recommended that the Court find that the fee incurred for McDonald's expert on attorney's fees was not a cost that could be shifted to HWI. See id. at

17.  McDonald raises objections to each of these recommendations.[1]  <u>See</u> Objections at 1–2.  For the reasons discussed below, the Court finds that each of McDonald's objections is due to be overruled.

### A.    Attorney's Fees

#### 1.    Reasonable Hourly Rates

The Magistrate Judge recommended that the reasonable hourly rates for McDonald's counsel are as follows: $350.00 for Mr. Rothburd, $300.00 for Mr. Thoresen and Mr. Pycraft, $100.00 for the paralegals, and $95.00 for the law clerk.  <u>See</u> Report at 9–10.  McDonald objects on multiple grounds and argues that the fee rates should be higher.  <u>See</u> Objections at 3.

First, McDonald asserts that the Magistrate Judge erred in recommending that this case was simple and did not warrant high hourly rates. <u>See</u> <u>id.</u> at 3.  McDonald contends that there was uncontroverted evidence that this was a complex case with novel issues of first impression.  <u>See</u> <u>id.</u> at 3–4. However, the evidence was not, in fact, uncontroverted.  HWI's expert Ernest H. Kohlmyer, III, stated that this case was a straightforward consumer protection action.   <u>See</u> Defendant Hunter Warfield, Inc.'s Response and Incorporated Memorandum of Law in Opposition to Plaintiff's Motion for Award of Attorney's Fees and Costs, Ex. A: Declaration of Ernest H. Kohlmyer, III

---

[1]  Neither party objects to the Magistrate Judge's recommendation that McDonald should recover $462.50 for other costs.  <u>See</u> Report at 17.

(Doc. 35-1; Kohlmyer Decl.) at 16.  In comparison, McDonald's expert opined only that "[a]ccording to Plaintiff's Counsel, this case presented certain issues of consumer protection law which [had] not yet been fully resolved by the courts."  Motion, Ex. D: Declaration of Michael G. Tanner in Support of Reasonable Attorneys' Fees and Costs (Doc. 32-4; Tanner Decl.) at 9–10 (emphasis added).  While he identified the unresolved issues, it remains unclear whether he was expressing his own opinion that the issues were unresolved or merely identifying the issues McDonald's counsel determined were unresolved. Regardless, he never expressed his own opinion that the issues in the case, even if unresolved, were novel or complex.  Indeed, he made no representation that, in his expert opinion, these actually were novel issues or that this case objectively required more skill to handle because of these issues.  For these reasons and the reasons stated by the Magistrate Judge, the Court finds that the case was straightforward and did not require a great level of skill to litigate efficiently.  See Report at 7–9.  Therefore, this objection is due to be overruled.

Next, McDonald argues that the Magistrate Judge's recommendation "penalizes the attorneys where their client accepted a Rule 68 offer before 'extensive litigation and motion practice' occurred."  Objections at 4.  McDonald asserts that labeling this case as simple would discourage settlement, in contravention of the purpose of Rule 68 of the Federal Rules of Civil Procedure. See id.  This argument, which was not presented to the Magistrate Judge and

is made for the first time only after entry of the Report, is untimely.  While the Court has discretion to consider such an untimely argument, it is not required to do so.   Indeed, precedent from the Eleventh Circuit Court of Appeals expressly provides the district court with discretion "to decline to consider a party's argument when that argument was not first presented to a magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in Stephens [v. Tolbert, 471 F.3d 1173, 1174 (11th Cir. 2006)] and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); see also Knight v. Thompson, 797 F.3d 934, 937 n.1 (11th Cir. 2015) (citing Williams for the proposition that "district courts have discretion to decline to consider arguments that are not presented to the magistrate judge"); Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1274 (11th Cir. 2014) (citing Williams for the proposition that "a district court, in reviewing an R&R, has discretion to decline to consider a party's argument that was not first presented to a magistrate judge").  In consideration of the record and the arguments presented to the Magistrate Judge, the Court declines to consider McDonald's newly raised argument which takes a position different than that taken before the Magistrate Judge.  Even if the Court were to consider this objection, it would be unavailing.  McDonald presents no reason why a plaintiff would avoid settlement in an attempt to make a case more complex so that her attorneys

could justify charging a higher fee.  Notably, rejection of a Rule 68 offer carries significant consequences for the client.  See Delta Air Lines, Inc. v. August, 450 U.S. 346, 347–48, 352 (1981) ("If a plaintiff rejects a Rule 68 settlement offer, he will lose some of the benefits of victory if his recovery is less than the offer."). Thus, the Court will overrule this objection.

McDonald also contends that the Magistrate Judge did not address the contingent nature of the case or the issue of whether his attorneys were precluded from other employment.  See Objections at 4–6.  Contrary to McDonald's assertions, the Magistrate Judge acknowledged the contingent nature of the representation and found that "[t]here is no evidence . . . that representing [McDonald] precluded these attorneys from accepting other employment while this case was litigated." Report at 10.  Having independently reviewed the file, the Court finds that the Magistrate Judge's recommended fee award appropriately compensates counsel for the contingent nature of the case. Notably, unlike a traditional contingency case, the fee-shifting provisions in the Fair Credit Reporting Act and the Florida Consumer Collection Practices Act (FCCPA) provided the incentive for counsel to work on this case.  See Marchisio v. Carrington Mortg. Servs., LLC, No. 14-14011-CIV, 2020 WL 4350725, at *12 (S.D. Fla. July 29, 2020).[2]  The Court also agrees with the Magistrate Judge

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority.  See Stone v. First Union Corp., 371 F.3d 1305, 1310

that there is no evidence in the Motion that counsel were precluded from other employment. McDonald's argument in the Objections that accepting this case meant not being able to take another class action case is insufficient. McDonald did not present to the Magistrate Judge any substantive argument or evidence indicating that his counsel had been precluded from other employment.[3] To the contrary, McDonald's own expert stated, "Based on my discussions with Plaintiff's Counsel, I do not believe the other factors [including preclusion of other employment] materially affect an appropriate fee in this case." Tanner Decl. at 13. The Court declines to consider this untimely argument not made before the Magistrate Judge. See Williams, 557 F.3d at 1292. As such, these objections are due to be overruled.

McDonald further argues that the Magistrate Judge erred by considering fee awards in cases involving the Fair Debt Collection Practices Act (FDCPA). See Objections at 3, 5. McDonald implies that FDCPA cases are not comparable to this case. See id. at 5. However, HWI's expert Mr. Kohlmyer stated that FDCPA cases are similar to FCCPA actions and require a similar level of sophistication and skill. See Kohlmyer Decl. at 9 n.3. McDonald presents no

---

(11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

[3] Merely mentioning this factor within a list of other factors without any evidentiary support was not sufficient to properly raise the issue. See Motion at 15. And even if it was, as noted, the Magistrate Judge's conclusion is supported by the record.

evidence that FDCPA cases are not comparable.[4]  Therefore, on the record before her in this case, the Court finds that the Magistrate Judge appropriately considered the fee awards in FDCPA cases, and this objection will be overruled.  See Report at 9–10.

Finally, McDonald asserts that the Magistrate Judge erred by relying on the Court's own experience in determining a reasonable fee.  See Objections at 5.  Notably, "where the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience."  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  The Magistrate Judge recommended that the claimed fees seemed expanded given the nature of this case, and she noted that McDonald had not provided "sufficient evidence" to support the asserted fee rates of his counsel.  See Report at 8–9.  Therefore, the Magistrate Judge appropriately considered the Court's own experience.  McDonald's objections to the Magistrate Judge's recommended reasonable hourly rates are due to be overruled.  The Court finds that the Magistrate Judge correctly determined the reasonable hourly rates to be used in calculating the lodestar.

---

[4]  McDonald's original complaint in state court alleged an FDCPA claim instead of an FCCPA claim.  See Class Action Complaint (Doc. 1-2; Original Complaint) at 7.  Notably, the allegations found under the FDCPA claim in the Original Complaint are nearly identical to the allegations supporting the FCCPA claim in the operative amended complaint.  Compare Original Complaint at 7, with First Amended Class Action Complaint (Doc. 6; Amended Complaint) at 7–8.

## 2.    Reasonable Number of Hours

The Magistrate Judge recommended that McDonald's requested hours should be reduced by 35% across the board.  See id. at 12.  The Magistrate Judge found that the billing records of McDonald's counsel reflected a substantial number of administrative or clerical tasks, an unreasonable amount of time spent on intra-office communication, and block-billing.  See id. at 12–15.  McDonald objects to this recommendation on the basis of Mr. Tanner's declaration.  See Objections at 6.  McDonald contends that Mr. Tanner's calculation is "more accurate and reasonable" than the Magistrate Judge's recommendation because Mr. Tanner removed hours line-by-line and assessed an across-the-board reduction of 5%.[5]  Id. at 6–7.

The Court finds that a 35% across-the-board reduction in the number of hours is appropriate.   McDonald does not present any authority for his argument that his expert's item-by-item approach is the better course in a case such as this.  See id.  Moreover, an across-the-board reduction is appropriate here because counsel's billing records do not lend themselves to an item-by-item review.  See Marchisio, 2020 WL 4350725, at *10 (finding that block-billing, tasks spread across multiple billing entries, and different billing invoices from

---

[5]  Mr. Tanner's recommendation would allow McDonald's counsel 167.96 total hours.  See Objections at 7.  This number of hours is far fewer than the 222.10 hours originally sought by McDonald.  See Motion at 3.

multiple attorneys made "a task-by-task review very difficult"). In addition, the Court cannot adopt the recommendation of McDonald's expert because he reduced counsel's hours with an item-by-item approach and an across-the-board approach. <u>See</u> Tanner Decl. at 13–14. As the Magistrate Judge correctly noted, the Court may adopt an item-by-item approach or an across-the-board approach, but not both. <u>See</u> Report at 10–11 (citing <u>Bivins v. Wrap It Up, Inc.</u>, 548 F.3d 1348, 1350–52 (11th Cir. 2008) (per curiam)). Therefore, McDonald's objection on this point is due to be overruled, and the Court will adopt the Magistrate Judge's recommendation as to the number of hours for which attorney's fees will be awarded.

### B.   Costs

The Magistrate Judge recommended that the fee charged by McDonald's expert Mr. Tanner is not a cost that may be shifted to HWI under federal law. <u>See</u> <u>id.</u> at 17. McDonald objects to this recommendation, arguing that binding precedent allows the inclusion of Mr. Tanner's fee. <u>See</u> Objections at 8 (citing <u>Dowdell v. City of Apopka</u>, 698 F.2d 1181, 1188–89 (11th Cir. 1983)). McDonald also represents that, because one of his claims arises under state law and because Florida state law allows the recovery of expert witness fees, the Court must award the cost here. <u>See</u> <u>id.</u> at 8–9.

When exercising diversity or supplemental jurisdiction over state law claims, "the court generally applies state law to substantive issues and federal

law to procedural issues." Divine Motel Grp., LLC v. Rockhill Ins. Co., No. 3:14-CV-31-J-34JRK, 2017 WL 9360890, at *4 (M.D. Fla. Feb. 2, 2017) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)), report and recommendation adopted, No. 3:14-CV-31-J-34JRK, 2017 WL 1161307 (M.D. Fla. Mar. 29, 2017), aff'd, 722 F. App'x 887 (11th Cir. 2018).  While shifting attorney's fees may be substantive, shifting costs is usually a procedural issue governed by federal law.  See Jablonski v. St. Paul Fire & Marine Ins. Co., No. 2:07-CV-00386, 2010 WL 1417063, at *10–11 (M.D. Fla. Apr. 7, 2010); Diperna v. GEICO Gen. Ins. Co., No. 6:12-cv-687-Orl-36KRS, 2016 WL 7246094, at *8 (M.D. Fla. June 27, 2016) ("[F]ederal law generally determines what costs may be awarded to a prevailing party in federal court, even when a federal court exercises diversity jurisdiction."), report and recommendation adopted, No. 6:12-cv-687 (Doc. 218) (M.D. Fla. Aug. 4, 2016); Divine Motel Grp., 2017 WL 9360890, at *4 (collecting cases).  Florida law may allow for the recovery of expert witness fees, but that entitlement to recovery of witness fees is not a substantive right.  Kivi v. Nationwide Mut. Ins. Co., 695 F.2d 1285, 1289 (11th Cir. 1983) ("Obviously, the entitlement to expert witness fees under the Florida Statutes is not a substantive right."); Diperna, 2016 WL 7246094, at *9 ("The Eleventh Circuit has determined that an entitlement to expert witness fees is not substantive for choice-of-law purposes, and that holding is binding on the Court.").  State law that shifts costs "may be applied in lieu of" federal law "if, and only if, it

explicitly expands the right to additional costs." <u>Jablonski</u>, 2010 WL 1417063, at *11.  In <u>Jablonski</u>, this Court determined that "the solitary reference to 'court costs'" in a Florida statute "does not 'expressly' expand upon what is otherwise allowable" under federal law.  <u>Id.</u>

Section 1920 of title 28 of the United States Code lists the costs that may be taxed in federal court.  <u>See</u> 28 U.S.C. § 1920.  The taxable costs listed in § 1920 do not include expenses for an expert witness on attorney's fees who appears only by affidavit.  <u>See id.</u>; <u>Diperna</u>, 2016 WL 7246094, at *9–10.  The Eleventh Circuit has instructed that, "although a statute may shift <u>attorney</u> fees, the statute does not operate to shift <u>witness</u> fees unless the statute refers explicitly to witness fees."  <u>Glenn v. Gen. Motors Corp.</u>, 841 F.2d 1567, 1575 (11th Cir. 1988); <u>see also</u> <u>Padurjan v. Aventura Limousine & Transp. Serv., Inc.</u>, 441 F. App'x 684, 686–87 (11th Cir. 2011) (per curiam) (affirming the district court's denial of costs for the fees incurred by a party's expert witness on attorney's fees).[6]  In <u>Glenn</u>, the court interpreted a statute that shifted the "costs of the action" and found that those costs did not differ from the costs enumerated in § 1920.  841 F.2d at 1575.

---

[6] "Although an unpublished opinion is not binding . . ., it is persuasive authority." <u>United States v. Futrell</u>, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Here, the Court finds that the Magistrate Judge correctly applied federal law to the issue of costs.  McDonald's state law FCCPA claim arises from section 559.77(2) of the Florida Statutes.  See Amended Complaint at 8.  Section 559.77(2) allows a successful plaintiff to recover "court costs."  Fla. Stat. § 559.77(2).  This reference to "court costs" does not create a substantive right to costs other than those allowed under federal law.  See Jablonski, 2010 WL 1417063, at *11.  Under federal law, McDonald has no right to recover any part of Mr. Tanner's fee because the text of the Federal Fair Credit Reporting Act (FCRA) does not explicitly refer to expert witness fees and because Mr. Tanner appeared only by affidavit.  See Padurjan, 441 F. App'x at 686–87; Diperna, 2016 WL 7246094, at *9–10.  The FCRA allows the recovery of the "costs of the action."[7]  15 U.S.C. § 1681n(a)(3).  McDonald has presented no authority for the proposition that the "costs of the action" differ from the costs listed in § 1920. See Glenn, 841 F.2d at 1575.

McDonald's reliance on Dowdell in support of his argument is misplaced. See Objections at 8 (citing Dowdell, 698 F.2d at 1188–89).  Decided in 1983, the opinion in Dowdell predated the Supreme Court's decision in Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987).  The Eleventh Circuit applied

---

[7] The "costs of the action" is the same language found in the FDCPA.  See 15 U.S.C. § 1692k(a)(3); see also Report at 17 (citing Amaro v. Specialized Loan Servicing, LLC, No. 8:10-cv-1729-T-17TBM, 2011 WL 6181918, at *4 (M.D. Fla. Dec. 13, 2011)).

<u>Crawford Fitting</u> in <u>Glenn</u> to find that an award of expert witness fees was improper under a statute similar to the FCRA. <u>See</u> <u>Glenn</u>, 841 F.2d at 1575 & n.23 ("We hold that the broad language in <u>Crawford Fitting</u> does not permit a distinction based upon whether or not the award is made under a fee-shifting statute."); <u>Padurjan</u>, 441 F. App'x at 686–87. This Court is bound by the holding in <u>Glenn</u>. As such, the Court will overrule this objection as well and adopt the Magistrate Judge's recommendation that the Court should not shift Mr. Tanner's fee to HWI.

## III.   Conclusion

Upon independent review of the file and for the reasons set forth above, the Court will overrule the Objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is

> **ORDERED:**

1. Plaintiff's Objections to Magistrate Judge's Report and Recommendations (Doc. 42) are **OVERRULED**.

2. The Report and Recommendation (Doc. 41) is **ADOPTED** as the opinion of the Court.

3. Plaintiff's Motion for Award of Plaintiff's Attorney's Fees and Costs (Doc. 32) is **GRANTED, in part**, and **DENIED, in part**.

   A. The Motion is granted to the extent that the Clerk of the Court is directed to enter **JUDGMENT** against Defendant

and in favor of Plaintiff for attorney's fees in the amount of **$37,682.13** and costs in the amount of **$462.50**.

B.    In all other respects, the Motion is **DENIED.**

4.    The Clerk of the Court is further directed to terminate any pending motions and deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 17th day of March, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

lc30
Copies to:

Counsel of Record

- 15 -